ESTATE OF CHARLES J. KELLY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7976. Promulgated September 24, 1927.

*William Huck, Jr., Esq.*, for the petitioner.
*A. W. Gregg, Esq.*, for the respondent.

Deficiencies in income tax of decedent before death for the period January 1 to June 24, 1921, $520.74, and the period June 24 to December 31, 1921, $586.32, and overassessment for 1920 of $7.74. The proceeding was submitted by the parties upon a stipulation that the evidence and record in Bruno O. A. de Paoli, Executor, Estate of Louis de Paoli, Docket No. 7978, should be taken as the basis for decision.

FINDINGS OF FACT.

1. Louis de Paoli and Charles J. Kelly were engaged, as partners, in the terrazzo and tile flooring business in New York City in 1920 and for a great many years prior thereto, under the firm name of de Paoli & Kelly.

2. Each partner had an equal interest in the firm.

3. Kelly's only income, during the years 1920 and 1921, was what he received out of the firm of de Paoli & Kelly.

4. During the year 1919, Louis de Paoli entered into agreements with his son, Bruno de Paoli, and his son-in-law, Frank Bacchetti, both of whom were employees of de Paoli & Kelly, to pay them for the year 1920 and subsequent years, in addition to fixed salaries of $40 per week, a sum equal to 25 per cent each of the net profits of the firm after deducting 10 per cent on the invested capital of the firm.

5. During 1920 and 1921, the firm paid each of the aforesaid employees the sum of $500 on account of these profits.

6. During much of 1920 and 1921 Kelly was ill and took no part in the business or affairs of the firm, and he died on June 24, 1921.

7. During 1920 and 1921 de Paoli declined to pay the balance of the profits to the two employees until he was protected by judgments obtained by his son and his son-in-law.

8. Suits were brought by these two men against de Paoli, as sole surviving partner of the firm, in the Supreme Court of New York, New York County, in March, 1922.

9. De Paoli, in his answers to these suits, admitted the making of the agreements as above stated, and testified as a witness on the trial and in his testimony likewise admitted the making of the agreements as stated.

10. On June 20, 1922, each of the plaintiffs in said suits obtained a judgment against Louis de Paoli, as sole surviving partner of the firm of de Paoli & Kelly, for $12,266.61, which, with interest and costs, amounted to $13,487.66, which was the sum paid on each judgment in 1922. Of this sum of $13,487.66, the sum of $5,350.45 represented 1920 profits, the sum of $4,398.45 represented profits from January 1 to June 24, 1921, and the sum of $3,738.76 represented profits from June 24 to December 31, 1921.

OPINION.

STERNHAGEN : The foregoing findings of fact are as submitted by petitioner, but, as in the companion case of *Bruno O. A. de Paoli, Executor*, 8 B. T. A. 294, the petitioner fails for the reason that on the cash basis he or the partnership may not deduct an unpaid liability. Petitioner here has not proved the basis of his or the partnership's return or the method of his or its accounts, although in his petition he alleges that he kept no books. See *John A. Brander*, 3 B. T. A. 231. This failure of proof, as in the companion case, is not a mere oversight, because the question was squarely suggested at the trial.

It should be added, in view of the petitioner's brief, that counsel for the petitioners have expressly maintained throughout these proceedings that the two employees were not partners and were there-

fore not participating in the profits as such. The question, therefore, is not whether the two partners can be charged with having received the income of the partnership, but whether the partnership is entitled to the deduction in 1920 and 1921 for compensation to employees not paid until 1922. The determination is sustained.

*Judgment will be entered on 15 days' notice, under Rule 50.*